IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CENTURY BANK,

    Plaintiff,

vs.                                                       Case No._____

ART FINANCE FUNDING (IX), LLC;
ANDREW C. ROSE and
ANN S. COPELAND,

    Defendants.

**COMPLAINT FOR DEBT AND MONEY OWED, DECLARATORY JUDGMENT,
<u>AND APPOINTMENT OF RECEIVER</u>**

Plaintiff Century Bank ("Century Bank"), by counsel, files this Complaint for Debt and Money Owed, Appointment of Receiver, and Foreclosure of Liens on Personal Property and states:

**JURISDICTION AND VENUE**

1. Century Bank is a New Mexico chartered bank with its headquarters in New Mexico. It is a citizen of New Mexico.

2. Defendant Art Finance Funding (IX) LLC ("Borrower") is a Delaware limited liability company with its principal place of business in New York. Upon information and belief, the members of Borrower are Art Finance Partners LLC and Andrew C. Rose. Upon information and belief Art Finance Partners LLC is a Delaware limited liability company with its principal place of business in New York.

3. Upon information and belief Defendant Andrew C. Rose is a citizen of Delaware.

4. Upon information and belief, Defendant Ann S. Copeland is a citizen of Delaware.

5. At issue in this case is collection of debt in the principal amount of $20,000,000.00. Therefore the amount in controversy exceeds $75,000.00.

6. As between Century Bank and Defendants, this Court has diversity jurisdiction pursuant to 28 U.S.C. 1332(a).

## DEBT AND MONEY OWED

7. Century Bank and Borrower executed that Business Loan Agreement dated March 27, 2019 ("Business Loan Agreement"), evidencing the terms and conditions of a line of credit of up to $20,000,000.00 from Century Bank to Borrower. A true and accurate copy of the Business Loan Agreement is attached as **Exhibit A**.

8. The purpose of the Business Loan Agreement was to establish a line of credit for Borrower, which Borrower would draw upon (and issue future promissory notes under) to lend funds to Borrower's customers.

9. Pursuant to the Business Loan Agreement, Andrew C. Rose executed a Commercial Guaranty dated March 27, 2019 ("Guaranty"), unconditionally guaranteeing all debts owed by Borrower to Century Bank. A true and accurate copy of the Guaranty is attached as **Exhibit B**.

10. Upon information and belief, at the time the Guaranty was executed Defendants Andrew C. Rose and Ann S. Copeland were married.

11. The Guaranty provides: "Any married person who signs this Guaranty hereby expressly agrees that recourse under this Guaranty may be had against both his or her separate property and community property." Guaranty at 1.

12. Because Ann S. Copeland may have an interest in any marital property in which Andrew C. Rose also has an interest, Ann S. Copeland is a proper Defendant to this proceeding.

13. As security for repayment of amounts advanced under the Business Loan Agreement, Borrower executed and delivered to Lender a Commercial Security Agreement dated March 27, 2019 ("Security Agreement"), pledging to Century Bank Borrower's interest in certain Collateral (as defined in the Security Agreement) which included All Chattel Paper, Accounts, and General Intangibles, including but not limited to an Assignment of a Note Receivable. A true and accurate copy of the Security Agreement is attached hereto as **Exhibit C**.

14. To perfect its security interest in the Collateral granted under the Security Agreement, Century Bank filed a UCC Financing Statement ("UCC-1") with the Delaware Department of State on April 4, 2019, as Filing No. 2019 2327091. A true and accurate copy of the UCC-1 is attached hereto as **Exhibit D**.

15. Effective July 22, 2022, Century Bank and Borrower executed a Change in Terms Agreement ("BLA Change in Terms"), extending the maturity date for advances made under the Business Loan Agreement from June 27, 2022 to June 27, 2024. A true and accurate copy of the BLA Change in Terms is attached hereto as **Exhibit E.**

16. Pursuant to the Business Loan Agreement and evidencing the debt that Borrower owes to Century Bank, on March 27, 2019, Borrower executed and delivered to Century Bank a Promissory Note in the original principal amount of $10,000,000.00 (the "March 2019 Note"). A true and accurate copy of the March 2019 Note is attached as **Exhibit F**.

17. Pursuant to the Business Loan Agreement and evidencing the debt that Borrower owes to Century Bank, on May 21, 2020, Borrower executed and delivered to Century Bank a

Promissory Note in the original principal amount of $5,000,000.00 (the "May 2020 Note"). A true and accurate copy of the March 2019 Note is attached as **Exhibit G**.

18.     As security for repayment of the May 2020 Note, Borrower executed and delivered to Lender a Commercial Pledge Agreement dated May 21, 2020 ("May 2020 Pledge Agreement"), pledging to Century Bank Borrower's interest in certain Collateral (as defined in the May 2020 Pledge Agreement) which included Assignment of Secured Grid Promissory Note, dated May 8, 2020, in the amount of $6,000,000.00 by and between Rose Petal Commodities Inc. and Borrower. A true and accurate copy of the May 2020 Pledge Agreement is attached hereto as **Exhibit H**.

19.     To perfect its security interest in the Collateral granted under the May 2020 Pledge Agreement, Century Bank filed a UCC Financing Statement ("May 2020 UCC-1") with the Delaware Department of State on May 27, 2020, as Filing No. 20204793885. A true and accurate copy of the May 2020 UCC-1 is attached hereto as **Exhibit I**.

20.     Pursuant to the Business Loan Agreement and evidencing the debt that Borrower owes to Century Bank, on August 31, 2020, Borrower executed and delivered to Century Bank a Promissory Note in the original principal amount of $2,500,000.00 (the "August 2020 Note"). A true and accurate copy of the August 20202 Note is attached as **Exhibit J**.

21.     As security for repayment of the August 2020 Note, Borrower executed and delivered to Lender a Commercial Pledge Agreement dated August 31, 2020 ("August 2020 Pledge Agreement"), pledging to Century Bank Borrower's interest in certain Collateral (as defined in the August 2020 Pledge Agreement) which included Assignment of Secured Grid Promissory Note, dated July 27, 2020, in the amount of $2,500,000.00 by and between Adelson

Galleries, Inc. and Borrower. A true and accurate copy of the August 2020 Pledge Agreement is attached hereto as **Exhibit K**.

22. To perfect its security interest in the Collateral granted under the August 2020 Pledge Agreement, Century Bank filed a UCC Financing Statement ("August 2020 UCC-1") with the Delaware Department of State on September 1, 2020, as Filing No. 20206031886. A true and accurate copy of the August 2020 UCC-1 is attached hereto as **Exhibit L**.

23. Upon information and belief, Borrower refinanced the Secured Grid Promissory Note, dated July 27, 2020, by and between Adelson Galleries, Inc. and Borrower on or about November 14, 2023, and entered into a Secured Grid Promissory Note dated November 14, 2023, in the principal amount of $5,000,000.00 (the "Second Adelson Note").

24. The Second Adelson Note (and related loan documents) is included within the Collateral pledged to Century Bank under the Security Agreement and August 2020 Pledge Agreement and perfected by the UCC-1 and August 2020 UCC-1.

25. Pursuant to the Business Loan Agreement and evidencing the debt that Borrower owes to Century Bank, on November 12, 2020, Borrower executed and delivered to Century Bank a Promissory Note in the original principal amount of $6,000,000.00 (the "November 2020 Note"). A true and accurate copy of the November 2020 Note is attached as **Exhibit M**.

26. As security for repayment of the November 2020 Note, Borrower executed and delivered to Lender a Commercial Pledge Agreement dated November 12, 2020 ("November 2020 Pledge Agreement"), pledging to Century Bank Borrower's interest in certain Collateral (as defined in the November 2020 Pledge Agreement) which included Assignment of Secured Grid Promissory Note, dated October 26, 2020, in the amount of $7,500,000.00 by and between Viana

Art LLC and Borrower. A true and accurate copy of the November 2020 Pledge Agreement is attached hereto as **Exhibit N**.

27. To perfect its security interest in the Collateral granted under the November 2020 Pledge Agreement, Century Bank filed a UCC Financing Statement ("November 2020 UCC-1") with the Delaware Department of State on November 18, 2020, as Filing No. 20208071336. A true and accurate copy of the November 2020 UCC-1 is attached hereto as **Exhibit O**.

28. Pursuant to the Business Loan Agreement and evidencing the debt that Borrower owes to Century Bank, on August 3, 2021, Borrower executed and delivered to Century Bank a Promissory Note in the original principal amount of $3,150,000.00 (the "August 2021 Note"). A true and accurate copy of the August 2021 Note is attached as **Exhibit P**.

29. As security for repayment of the August 2021 Note, Borrower executed and delivered to Lender a Commercial Pledge Agreement dated August 3, 2021 ("August 2021 Pledge Agreement"), pledging to Century Bank Borrower's interest in certain Collateral (as defined in the August 2021 Pledge Agreement) which included Assignment of Secured Grid Promissory Note, dated March 28, 2021, by and between Carlton C. Rochell, Jr. and Borrower. A true and accurate copy of the August 2021 Pledge Agreement is attached hereto as **Exhibit Q**.

30. To perfect its security interest in the Collateral granted under the August 2021 Pledge Agreement, Century Bank filed a UCC Financing Statement ("August 2021 UCC-1") with the Delaware Department of State on April 8, 2019, as Filing No. 20192425820. A true and accurate copy of the August 2021 UCC-1 is attached hereto as **Exhibit R**.

31. Upon information and belief, Borrower refinanced the Secured Grid Promissory Note, dated March 28, 2021, by and between Carlton C. Rochell, Jr. and Borrower on or about

November 1, 2023, and entered into a Secured Grid Promissory Note dated November 1, 2023, in the principal amount of $7,500,000.00 (the "Second Rochell Note").

32. The Second Rochell Note (and related loan documents) is included within the Collateral pledged to Century Bank under the Security Agreement and August 2021 Pledge Agreement and perfected by the UCC-1 and August 2021 UCC-1.

33. Pursuant to the Business Loan Agreement and evidencing the debt that Borrower owes to Century Bank, on August 6, 2021, Borrower executed and delivered to Century Bank a Promissory Note in the original principal amount of $3,600,000.00 (the "Second August 2021 Note"). A true and accurate copy of the November 2020 Note is attached as **Exhibit S**.

34. As security for repayment of the Second August 2021 Note, Borrower executed and delivered to Lender a Commercial Pledge Agreement dated August 6, 2021 ("Second August 2021 Pledge Agreement"), pledging to Century Bank Borrower's interest in certain Collateral (as defined in the Second August 2021 Pledge Agreement) which included Assignment of Secured Grid Promissory Note, dated July 29, 2021, in the amount of $4,000,000.00 by and between Petrarch LLC d/b/s Electrum joined by Tanis Antiquities, Ltd. and Borrower. A true and accurate copy of the Second August 2021 Pledge Agreement is attached hereto as **Exhibit T**.

35. To perfect its security interest in the Collateral granted under the Second August 2021 Pledge Agreement, Century Bank filed a UCC Financing Statement ("Second August 2021 UCC-1") with the Delaware Department of State on October 6, 2021, as Filing No. 20217974554. A true and accurate copy of the Second August 2021 UCC-1 is attached hereto as **Exhibit U**.

36. The March 2019 Note, May 2020 Note, August 2020 Note, November 2020 Note, August 2021 Note, and Second August 2021 Note are collectively referred to as the "Notes". The

Security Agreement, May 2020 Pledge Agreement, August 2020 Pledge Agreement, November 2020 Pledge Agreement, August 2021 Pledge Agreement, and Second August 2021 Pledge Agreement are collectively referred to as the "Security Agreements".

37. Century Bank is the holder of the Notes and secured party under the Security Agreements.

## COLLATERAL

38. The property that is pledged under the Security Agreements is referred to as the "Collateral".

39. Pursuant to the Security Agreements, Borrower pledged the Collateral to Century Bank to secured repayment of the Notes.

40. By filing the aforementioned UCC Financing Statements, Century Bank perfected its interest in the Collateral.

41. Amongst other things, the Collateral includes certain debts owed to Borrower by third parties, and the collateral pledged to secure such debts.

42. In addition to pledging the Collateral to secure repayment of the Notes, Andrew C. Rose executed the Guaranty, unconditionally guaranteeing repayment of all amounts owed under the Notes, Security Agreements, and Business Loan Agreement.

43. Century Bank's lien is the senior consensual lien on the Collateral.

## DEFAULT

44. The Borrower has defaulted under the terms of the Business Loan Agreement and Notes because the debts owed to Century Bank have matured and have not been repaid as agreed.

45. Demand for payment of the amounts owed under the Notes has been made on Borrower and Andrew C. Rose. A true and accurate copy of the Notice of Default and Demand for Payment and Demand for Delivery of Collateral dated September 24, 2024 ("Demand Notice") is attached hereto as **Exhibit V**.

46. Despite proper demand being made, Borrower and Andrew C. Rose has failed and refused to pay the amounts owed under the Notes.

47. The Security Agreements require assembly and delivery of the Collateral to Century Bank in the event of default.

48. The Security Agreements are in default because the debts owed to Century Bank under the Business Loan Agreement and Notes have not been repaid.

49. Demand for delivery of the of the Collateral was made in the Demand Notice.

50. Despite proper demand being made, Borrower has failed and refused to assemble and deliver the Collateral to Century Bank.

## AMOUNTS DUE

51. As of September 23, 2024, the sum of $21,312,670.67 ("Loan Balance") was immediately due and payable to Century Bank by Borrower and Andrew C. Rose.

52. The amount of $21,312,670.67 due as of September 23, 2024, consists of the following:

    A. The following amounts are immediately due and owing under the May 2020 Note:

| Principal: | $5,000,000.00 |
| Interest: | $182,222.23 |
| Late Fees: | $255,500.00 |
| Release of UCC Fee: | $20.00 |
| Payoff Quote Fee: | $25.00 |
| Other Charges: | $4,196.18 |

| Total: | $5,441,963.41 |

Interest at the default rate of 21.00% per annum ($2,916.67 per day), plus late fees and other charges, continue to accrue under the May 2020 Note after September 23, 2024.

B. The following amounts are immediately due and owing under the August 2020 Note:

| Principal: | $2,250,000.00 |
| --- | --- |
| Interest: | $82,000.00 |
| Late Fees: | $114,975.01 |
| Release of UCC Fee: | $20.00 |
| Payoff Quote Fee: | $25.00 |
| Other Charges: | $204.37 |
| Total: | $2,447,224.38 |

Interest at the default rate of 21.00% per annum ($1,312.50 per day), plus late fees and other charges, continue to accrue under the August 2020 Note after September 23, 2024.

C. The following amounts are immediately due and owing under the November 2020 Note:

| Principal: | $6,000,000.00 |
| --- | --- |
| Interest: | $224,666.67 |
| Late Fees: | $11,400.00 |
| Release of UCC Fee: | $20.00 |
| Payoff Quote Fee: | $25.00 |
| Other Charges: | $198.13 |
| Total: | $6,236,309.80 |

Interest at the default rate of 21.00% per annum ($3,500.00 per day), plus late fees and other charged, continue to accrue under the November 2020 Note after September 23, 2024.

D. The following amounts are immediately due and owing under the August 2021 Note:

| Principal: | $3,150,000.00 |
|---|---|
| Interest: | $141,575.00 |
| Late Fees: | $161,122.51 |
| Release of UCC Fee: | $20.00 |
| Payoff Quote Fee: | $25.00 |
| Other Charges: | $84.24 |
| Total: | $3,452,826.75 |

Interest at the default rate of 21.00% per annum ($1,837.50 per day), plus late fees and other charged, continue to accrue under the August 2021 Note after September 23, 2024.

E. The following amounts are immediately due and owing under the Second August 2021 Note:

| Principal: | $3,600,000.00 |
|---|---|
| Interest: | $131,200.00 |
| Late Fees: | $2,835.00 |
| Release of UCC Fee: | $20.00 |
| Payoff Quote Fee: | $25.00 |
| Other Charges: | $265.73 |
| Total: | $3,734,345.73 |

Interest at the default rate of 21.00% per annum ($2,100.00 per day), plus late fees and other charged, continue to accrue under the Second August 2021 Note after September 23, 2024.

53. In addition to the Loan Balance, plus the interest and late charges that are accruing, Borrower and Guarantor are responsible for payment of Century Bank's costs of collection including, without limitation, attorney's fees and costs, costs of inspection of the Collateral, costs of disposition of the Collateral, protective advances for the Collateral, and costs associated with a receiver for the Collateral.

11

### Count I – Debt and Money Owed (Borrower)

54. All previous allegations are incorporated herein by reference.

55. Borrower is in default under the Business Loan Agreement and Notes because the Loan Balance was not paid when due.

56. All necessary demand for payment of the Loan Balance has been made on Borrower by Century Bank.

### Count II – Debt and Money Owed (Andrew C. Rose)

57. All previous allegations are incorporated herein by reference.

58. Andrew C. Rose is in default under the Guaranty because the Loan Balance was not paid when due.

59. All necessary demand for payment of the Loan Balance has been made on Andrew C. Rose by Century Bank.

### Count III – Declaratory Judgment (Andrew C. Rose and Ann S. Copeland)

60. All previous allegations are incorporated herein by reference.

61. Pursuant to 28 U.S.C. § 2201 an actual controversy exists regarding whether Century Bank may levy upon the marital property of Andrew C. Rose and Ann S. Copeland to satisfy the debt owed by Andrew C. Rose.

62. Pursuant to the terms of the Guaranty, any marital property of Andrew C. Rose and Ann S. Copeland is subject to execution to repay the amounts owed to Century Bank.

### Count IV – Appointment of Receiver for Collateral

63. All previous allegations are incorporated herein by reference.

64. The Security Agreement gives Century Bank the following right (among others) upon a default: "[Century Bank] shall have the right to have a receiver appointed to take

possession of all or any part of the Collateral, with the power to protect and preserve the Collateral, to operate the Collateral preceding foreclosure or sale, and to collect the rents from the Collateral and apply the proceeds, over and above the cost of the receivership, against the Indebtedness. The receiver may serve without bond if permitted by law. Lender's right to the appointment of a receiver shall exist whether or not the apparent value of the Collateral exceeds the Indebtedness by a substantial amount. Employment by [Century Bank] shall not disqualify a person from serving as a receiver." Security Agreement at 4.

65. The Security Agreement is governed by federal law applicable to Century Bank and, to the extent not preempted by federal law, the laws of the State of New Mexico. Security Agreement at 5.

66. New Mexico's Receivership Act, NMSA 1978 §§ 44-8-1 et seq. provides as follows: "Upon application to a district court, the district court *shall* appoint a receiver in an action by a mortgagee or secured party or in any other action based upon a contract or other written agreement, where such mortgage, security agreement, contract or other written agreement provides for the appointment of a receiver." NMSA 1978 §§ 44-8-4 (emphasis added).

WHEREFORE, Century Bank requests that judgment be entered in its favor as follows:

A. Against Borrower and Andrew C. Rose, jointly and severally, for the Loan Balance, plus interest, late charges, costs of collection, and other amounts owed under the Business Loan Agreement, Notes, Security Agreements, and Guaranty, until the full amount owed is paid in full.

B. Against Andrew C. Rose and Ann S. Copeland declaring that any marital property of Mr. Rose and Ms. Copeland is subject to execution to collect the amounts owed to Century Bank under paragraph A.

  C.  Appointing a receiver under New Mexico's Receivership Act to secure, manage, and collect the Collateral.

  D.  Such other relief as is just and proper.

            MODRALL, SPERLING, ROEHL, HARRIS & SISK, P.A.

            By */s/ Spencer L. Edelman*
              Spencer L. Edelman
              PO Box 2168
              Albuquerque, New Mexico 87103-2168
              Telephone: 505.848.1800
              spencer.edelman@modrall.com
              *Attorneys for Plaintiff*

*Y:\dox\client\83302\0019\DRAFTS\W5186827.DOC*