IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**CENTURY BANK,**

    **Plaintiff,**

v.                                                                                                  No. 1:24-cv-01027-MLG-JHR

**ART FINANCE FUNDING (IX), LLC,
ANDREW C. ROSE, and
ANN S. COPELAND,**

    **Defendants.**

## ORDER TO SUPPLEMENT MOTION FOR DEFAULT JUDGMENT [DOC. 13]

THIS MATTER comes *sua sponte* before the undersigned regarding Century Bank's Motion for Default Judgment [Doc. 13]. On February 25, 2025, District Judge Matthew L. Garcia referred this motion to me to submit proposed findings and a recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B), (b)(3). [Doc. 16]. Century Bank seeks entry of default judgment against all Defendants in light of their failure to enter an appearance or otherwise defend against its suit. [Doc. 13].

In order for a court to enter default judgment, it must determine that it has both personal jurisdiction and subject matter jurisdiction to enter a valid order against the defaulting party. *Dennis Garberg & Assocs., Inc. v. Pack-Tech Intern. Corp.*, 115 F.3d 767, 772 (10th Cir. 1997) (citing *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202–03 (10th Cir. 1986)). For its jurisdictional analyses the court takes the plaintiff's factual allegations as true and "admitted" by the defendant. *See Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016); *see also United States v. Craighead*, 176 F. App'x 922, 924 (10th Cir. 2006). Century Bank invokes the Court's diversity

1

subject matter jurisdiction, requiring the suit's amount in controversy to exceed the value of $75,000 and the adverse parties to have diverse state citizenship. 28 U.S.C. § 1332(a)(1).

A suit satisfies the diversity requirement with complete diversity, meaning no plaintiff and defendant share the same state citizenship. *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015). A natural person's state citizenship is their domicile, or the place in which the person resides with an intent to remain indefinitely at the time the lawsuit was filed. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). Business entities' citizenship depends on the nature of their composition. Incorporated parties are deemed "a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). By contrast, unincorporated associations take the citizenship of each member. *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 381 (2016).

As unincorporated associations, limited liability companies follow the latter principle. *See Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237–38 (10th Cir. 2015). All members of a limited liability company, whether general or limited, must be considered for the company's citizenship. *See Mgmt. Nominees, Inc. v. Alderney Invs., LLC*, 813 F.3d 1321, 1324 (10th Cir. 2016); [1] *Crestcom Int'l, LLC v. Dabbagh*, No. 22-cv-02410, 2022 WL 7560241, at *1 (D. Colo. Oct. 12, 2022). If a member is itself a limited liability company, the court must follow that company's members through "however many layers" of membership it takes to reach all composing natural persons and corporations. *Choice Hospice, Inc. v. Axxess Tech. Sols., Inc.*, 125 F.4th 1000, 1009 (10th Cir. 2025) (quoting *Gerson v. Logan River Acad.*, 20 F.4th 1263, 1269 n.2 (10th Cir. 2021)).

---

[1] Even if a limited liability company has unique features resembling incorporation under state law, only those entities constituting corporations in the "traditional understanding" of the word are treated separately from their composing members for subject matter jurisdiction. *Mgmt. Nominees*, 813 F.3d at 1324.

Century Bank asserts that it is chartered and headquartered in New Mexico, Rose and Copeland reside in Delaware, and Art Finance Funding (IX), LLC only has Rose as "its sole member" with its principal place of business in New York. [Doc. 13, at 4]. Therefore, Century Bank argues that for jurisdictional purposes it is a citizen of New Mexico while Defendants are citizens of Delaware and New York.[2] *Id.* However, in its complaint Century Bank alleged that Art Finance Funding has two members: Rose and Art Finance Partners LLC. [Doc. 1, at 1]. Century Bank does not name Art Finance Partners' members, only that it has its principal place of business in New York. *Id.* But taking as true Century Bank's allegation that Art Finance Partners is a member of Art Finance Funding, all of Art Finance Partners' members must have complete diversity from Century Bank to establish the Court's subject matter jurisdiction. *Choice Hospice*, 125 F.4th at 1009. Without that information, the Court cannot enter default judgment. *See Dennis Garberg & Assocs.*, 115 F.3d at 771.

Therefore, Century Bank is ORDERED to supplement its motion for default judgment with complete information on the citizenship of all of Art Finance Funding's members, including the citizenship of all members of any limited liability company that may be a member of Art Finance Funding. Century Bank shall supplement the motion within **fourteen (14) days** of this order.

IT IS SO ORDERED.

_____
Hon. Jerry H. Ritter
United States Magistrate Judge

---

[2] Neither Art Finance Funding nor Art Finance Partners have New York citizenship for subject matter jurisdiction purposes based on their operations there because the "principal place of business" rule only applies to corporations. *Choice Hospice*, 125 F.4th at 1009.