IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**CENTURY BANK,**

    **Plaintiff,**

v.   No. 2:23-cv-00445-DHU-JHR

**ART FINANCE FUNDING (IX), LLC,**
**ANDREW C. ROSE, and**
**ANN S. COPELAND,**

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on Century Bank's Application for Award of Attorneys' Fees and Costs [Doc. 24]. On November 26, 2025, Presiding District Judge Matthew L. Garcia referred the application to me to submit proposed findings and a recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B), (b)(3). [Doc. 27]. I have reviewed the application, case record, and applicable law. I RECOMMEND the Court GRANT IN PART Century Bank's application and award $21,415.30 in attorney fees and costs.

### I.   PROCEDURAL BACKGROUND

On October 9, 2024, Century Bank filed suit against Art Finance Funding, LLC, Andrew Rose, and Ann Copeland to recover on promissory notes and guaranties executed by Art Finance Funding and Rose. [Doc. 1]. Defendants failed to enter an appearance despite service. The Clerk of the Court entered default against Defendants on February 13, 2025, and Century Bank moved for default judgment the same day. [Docs. 12, 13]. On referral, I recommended the Court grant default judgment against Art Finance Funding and Rose, but not Copeland, and award damages of $21,645,100, pre-judgment interest, and post-judgment interest. [Doc. 21, at 23]. Century Bank did not object to the recommendation, and the Court adopted it as an order. [Docs. 22, 23]. On

September 9, 2025, Century Bank moved to collect its reasonable attorney fees and costs for the suit. [Doc. 24].

## II.     APPLICABLE LAW

New Mexico follows the lodestar method for reasonable attorney fee awards. *Autovest, L.L.C. v. Agosto*, 2021-NMCA-053, ¶¶ 24–25, 497 P.3d 642, 650–51. The court first multiplies the total hours reasonably spent by counsel by a reasonable hourly rate. *Id.* Then, the court may consider additional factors to support awarding, reducing, or increasing that calculation of fees. *See id.*; *Behrens v. Gateway Ct., LLC*, 2013-NMCA-097, ¶ 33, 311 P.3d 822, 833. Factors include the novelty and difficulty of the questions involved in the suit, the skill required to litigate it, the customary fee in the locality for similar services, the amount in controversy and results obtained, limitations imposed by the client or circumstances, and the experience, reputation, and ability of counsel. *ACLU of N.M. v. Duran*, 2016-NMCA-063, ¶ 41, 392 P.3d 181, 191.

Attorney fees are not sum-certain damages for purposes of default judgments. *Bank of West v. Mayan Constr., Inc.*, No. 17- cv-01154, 2019 WL 95568, at *2 (D.N.M. Jan. 3, 2019). Generally, a hearing is required to receive evidence and make findings of a reasonable fee award. *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985). However, a court is not required to hold a hearing if the plaintiff provides supporting affidavits and documentation to create a sufficient record on which to base an award. *See Malluk v. Berkeley Highlands Prods., LLC*, 611 F. Supp. 3d 1134, 1138 (D. Colo. 2020).

## III.     ANALYSIS

This Court found that Century Banks' promissory notes and guarantees with Defendants Art Finance Funding and Andrew Rose were valid and enforceable, including its fee shifting provisions. *See* [Doc. 21, at 22]. Therefore, the Court's only issue to resolve is the amount of fees

to award. Century Bank requests $23,678.28 for the work performed by three firms—Modrall Sperling, Hollowwa & Artley, and Giddens & Gatton—to collect on the promissory notes and litigate this suit. [Doc. 24, at 3]. In support, Century Bank offers the declaration of its current counsel and invoices charged by the three firms.[1]

Counsel, associate attorneys, and paralegals spent approximately 47 hours pursuing payment under the promissory notes. [Exs. 1, 2]. The majority of activities billed included conferencing with the Court or client representatives, reviewing court orders, drafting pleadings, motions, demand letters, and responses to the Court, investigating Defendants, and attempting service. I recommend finding that the hours spent on these activities were reasonable. Conferences with the Court or clients rarely exceeded 10–30 minutes, and billings for researching and drafting did not exceed more than a few hours per entry. Furthermore, counsel had to expend significant time and energy attempting to locate Defendants and reviewing case records from New York. However, Century Bank's invoices include 5.3 hours spent on the following activities: (1) receiving and sending email and postage, (2) reviewing emails billed by the drafting attorney, (3) submitting orders to the Court, and (4) compiling service materials. [Ex. 1, at 6, 10, 27, 34, 38]; [Ex. 2, at 11]. These activities constitute clerical work for which Century Bank cannot recover its fees. *See Martinez v. Bd. of Cnty. Comm'rs*, No. 15-cv-00653, 2018 WL 1665806, at *2–3 (D.N.M. Apr. 4, 2018).

Three named attorneys, Mr. Edelman, Dave Giddens, and Ms. Alicia Gutierrez, charged $360.00 per hour, $315.00 per hour, and $400.00 per hour respectively. All three are partners in their respective firms, and Mr. Edelman's declaration attests to his decades of experience. Awarding fees based on a $400 per hour rate is not unprecedented. *Garcia v. Kijakazi*, No. 20-cv-

---

[1] Century Bank sent the invoices directly to the undersigned's proposed text inbox. I attach them as exhibits below.

00204, 2022 WL 17228745, at *2 (D.N.M. Apr. 27, 2022) (recognizing prior awards of fees exceeding $400 an hour in Social Security appeals). However, this Court has rarely awarded more than $350 per hour in commercial cases. *XTO Energy Inc. v. ATD, LLC*, No. 14-cv-01021, 2016 WL 1730171, at *32 (D.N.M. Apr. 1, 2016). Given the lack of information about Ms. Gutierrez besides her partner status, I recommend that the hourly rate charged for her hours be reduced to $350 per hour. *See* [Ex. 2, at 1, 3, 5]. The two associate attorneys who billed on the case charged commensurately less at $250.00 and $200.00 per hour. *XTO Energy Inc.*, 2016 WL 1730171, at *32*. Paralegals who worked on the case billed $220.00 an hour and $125.00 an hour. *E.g.*, [Ex. 1, at 10]; [Ex. 2, at 11]. I recommend this Court reduce the $220.00 per hour rate charged by Modrall Sperling's paralegals to $175.00 per hour. *O Centro Espirita Beneficente União Do Vegetal in U.S. v. Duke*, 343 F. Supp. 3d 1050, 1088 (D.N.M. 2018); *C&J Equip. Mfg. Corp. v. Grady*, No. 23-cv-00099, 2024 WL 112598, at *2 (D.N.M. Jan. 10, 2024).

The invoices total $23,523.30 in billing. [Exs. 1, 2]. Subtracting from the invoices $2,108.00 for the hours and rates reduction above, the total lowers to $21,415.30. *See* [Ex. 1, at 6, 10, 19, 27, 34, 35, 39]; [Ex. 2, at 1, 3, 5, 11]. I recommend relevant factors support the reasonableness of $21,415.30 as a fee award. Century Bank did not provide sufficient evidence their billings totaled $23,678.28. The subject in controversy was promissory notes worth over twenty-million dollars. Century Bank obtained nearly all its requested compensatory relief, the only issue being the proper calculation of interest and collateral fees. *See* [Doc. 21, at 19–22]. The contracting between a New Mexico bank, married Delaware citizens, and a New York business raised complex issues of jurisdiction and venue. *See id.* at 5–14. However, Century Bank did fruitlessly pursue Ann Copeland for liability based on marital status without offering much legal argument in support. *Id.* at 12–14.

## IV.    CONCLUSION

For the reasons above, I recommend the Court GRANT IN PART Century Bank's Application [Doc. 24] and award Century Bank **$21,415.30** in attorney fees against Art Finance Funding and Andrew Rose, jointly and severally.

_____
HON. JERRY H. RITTER
United States Magistrate Judge

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of the Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of these proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**